OPINION
Defendant-appellant Bruce Newby, Jr. appeals the December 19, 2001, Judgment Entry of the Licking County Court of Common Pleas which found him guilty of three counts of burglary with two firearm specifications, and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On August 31, 2001, the Licking County Grand Jury indicted appellant with three counts of burglary, in violation of R.C. 2911.12(A)(3). In connection with count two of the indictment, appellant was also charged with a firearm specification, a violation of R.C. 2929.14(D) and R.C.2941.141. In connection with the third count of the indictment, appellant was charged with a firearm specification, a violation of R.C.2929.14(D), and R.C. 2941.145. On September 10, 2001, appellant entered pleas of not guilty to each count and specification. The trial court set a jury trial for December 19, 2001.
On the date scheduled for trial, appellant requested leave of court to withdraw his previous plea of not guilty and enter pleas of no contest to each of the counts and specifications. The trial court accepted the pleas and immediately proceeded to sentencing. After considering the arguments of counsel, the statements of the victims, and a presentence investigation, the trial court sentenced appellant to one year in prison for each of the burglary counts, one year on the specification attached to count two, and three years on the specification attached to count three. The trial court ordered the two specification counts to run consecutively to each other and to run prior to the sentences imposed on the burglary counts. Further, the trial court ordered each of the one year sentences to run consecutive to one another. Appellant appeals the December 19, 2001 Judgment Entry assigning the following error for our review:
 "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES."
 I.
In appellant's sole assignment of error, he maintains the trial court erred in imposing consecutive sentences. Within this assignment of error, appellant makes three separate arguments. First, appellant maintains the trial court failed to provide sufficient reasons to support its decision to impose consecutive sentences. Second, appellant argues the findings used to support the imposition of consecutive sentences were unsupported by the manifest weight of the evidence. Finally, appellant maintains the trial court erred in running the two gun specifications consecutive to one another. We agree with appellant's first contention.
The imposition of a consecutive sentence is governed by R.C. 2929.14(E). The statute states, in relevant part:
 "(E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense; (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
However, R.C. 2929.19 also requires the trial court state its reasons to support the finding(s) used to justify the imposition of consecutive sentences. The statute provides, in relevant part:
 "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences." (Emphasis added).
 "[P]ursuant to R.C. 2929.19(B)(2)(c), when a trial court imposes consecutive sentences, it must state on the record its reasons for doing so." State v. Jones
(2001), 93 Ohio St.3d 391, 399. These "reasons" are an additional element to the "findings" requirement of R.C. 2929.14(E)(4). See, State v. Edmonson (1999), 86 Ohio St.3d 324.
With this authority in mind, we turn our attention to the record before us. The December 19, 2001 Judgment Entry makes the following statement with regard to consecutive sentences:
 "The Court determines consecutive sentences are necessary to protect the public and to punish the offender; and that the consecutive sentences are not disproportionate to the conduct and the danger of the offender poses; that the offender's criminal history shows that consecutive terms are needed to protect the public; and the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct."
Further, at the sentencing hearing, the trial court made the following statements with regard to his decision on sentencing:
 "THE COURT: * * * With that, the Court would sentence the defendant as follows: In Count 1, the Court would sentence the defendant to a one-year term at the Orient Reception Center; * * *
 "THE COURT: * * * The Court would also in all of the counts order restitution for any damages caused, any items taken. No fine is imposed.
 "In Count 2, the Court would sentence the defendant to a one-year term upon the same terms and conditions, and Count 3, a one-year term, and again, on the same terms and conditions.
 "With regard to Count 2, there is a one-year firearm specification that the Court would sentence the defendant to one year. This must be served prior and consecutively with the counts. In Count 3, there is a three-year specification, firearm specification, that must be served prior to and consecutively with the other counts.
 "Further, the Court is going to order that each of the three counts shall be served consecutively, the Court finding that it is necessary to protect the public and punish the offender, and that consecutive sentences are not so disproportionate to the conduct and the danger of the offender poses; and further, the Court finds that the harm is so great and unusual that a single term would not adequately reflect the seriousness of the conduct, and the criminal history shows that consecutive terms are needed to protect the public." Tr. at 19-21.
The record indicates the trial court did make the findings required by R.C. 2929.14(E)(4) for the imposition of consecutive sentences. However, it did not state its reasons for making these findings. We recognize these distinctions might seem fine, however the Ohio Supreme Court has required a more factual basis for "reasons" than simply a recitation of the findings. See, State v. Edmonson (1999),86 Ohio St.3d 324. (Here the Supreme Court found a trial court was required to make a finding stating its reasons for selecting a sentence imposed when imposing a maximum prison term). Because the trial court did not provide the reasons for its findings in support of the imposition of consecutive sentences, we find the sentence contrary to law.
Because we agree with appellant's first contention, we find it premature to address appellant's second and third contentions. Appellant's first assignment of error is sustained.
The December 19, 2001 Judgment Entry of the Licking County Court of Common Pleas is vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion and the law.
By: HOFFMAN, P.J. FARMER, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is vacated and the case is remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs assessed to appellee.